## Case No. 3,355.

### CRANE v. MORRISON et al.

[4 Sawy. 138;[1] 7 N. B. R. 393.]

District Court, D. California. Dec. 15, 1876.

DISSOLUTION OF PARTNERSHIP—CONVERSION—RIGHTS OF SEPARATE CREDITORS.

Where A. and B., partners in trade, dissolved the partnership, and divided the joint property between them, each partner assuming and agreeing to pay the debts contracted in respect of the property of which he became the separate owner, and subsequently B. entered into a partnership with C., to whom he sold a third interest in his share of the former joint property of A. & B., and the firm of B. & C. contracted debts, and became bankrupt; but before the adjudication their joint property was attached at the suit of an alleged firm creditor of A. & B.: *Held*, that only the balance of the firm property of B. & C., after satisfying the firm debts, and adjusting the accounts between the partners, was subject to the attachment, and that the assignee in bankruptcy was entitled to the possession of the joint property of B. & C., for the benefit of the joint creditors of the firm.

[Suit by Collins Crane, assignee in bankruptcy of Stevens and Marshall, against I. C. Morrison and others, to recover assets of the bankrupt estate.]

W. G. Holmes, for complainants.
Seth Robinson, for defendants.

HOFFMAN, District Judge. In the case of Hyde v. Baker [Case No. 6,965] this court had occasion incidentally to consider what are the rights of a retiring partner who has assigned his interest in the firm assets to a remaining partner upon an agreement by the latter to become responsible for the firm debts. There seemed to be much reason for holding with Mr. J. Allen in Menagh v. Whitwell, 52 N. Y. 157, 158, that even where there was no express stipulation for the application of the joint assets to the payment of the joint debts, the same equity might exist in favor of the retiring partner to compel such application as he would have had as continuing partner. But this equity cannot exist where new rights have attached by reason of the change of interests, as where rights of individual creditors have accrued, or where the continuing partners or the new firm have disposed of the property, or there are creditors of the new firm. 9 Cush. 553; 14 Gray, 534; Dimon v. Hazard, 32 N. Y. 65.

It appears in the case at bar, that on the second of July, 1875, the firm of Jessup & Stevens, composed of William H. Jessup and Russell Stevens, was dissolved by mutual consent, and public notice given thereof by advertisement. The firm property was divided between the partners, Stevens retaining the Cobb Mountain saw-mill property, and Jessup the flour-mill property in Lake county. Each of the partners agreed to assume and pay and save the other harmless

from the debts contracted in respect of the property of which he became the separate owner. Stevens having failed to comply with this latter part of the agreement within the time prescribed, Jessup notified him that he had rescinded the contract. In the meantime, and before any default on the part of Stevens to fulfill his contract had occurred, he had entered into a partnership with one Marshall to run the Cobb Mountain saw-mill, and had conveyed to him one-third of that property for $10,000, $1,000 to be paid in cash, and the remainder in the manner specified in the agreement.

On or about the seventeenth September, 1875, the defendant, Morrison, commenced an action against Stevens and Jessup on a promissory note for $600, made by Stevens and indorsed by Jessup. The consideration for this note was the payment (in effect) by Morrison of a firm debt due by the former firm of Stevens & Jessup to one Mills. On the same day, an attachment was levied by Morrison's direction on the property now in dispute. The property seized consisted chiefly of lumber at the Cobb Mountain saw-mill, and claimed by and in the possession of the new firm of Stevens & Marshall. It still remains in the possession of the sheriff (the defendant Ingram), who holds it under that attachment. On the twenty-ninth December, 1876, Stevens & Marshall were adjudged bankrupts, and their assignee brings this suit to recover the property referred to. It does not very clearly appear whether the property was seized as the property of Stevens, or that of Stevens & Jessup, or that of Stevens & Marshall. The right to hold it seems to be defended on three grounds: (1) That by the rescission by Jessup of the contract between him and Stevens the property which had been divided between them and converted into the separate property of each was reconverted into joint property, and became liable for the joint debts of the dissolved firm, of which debts the promissory note signed by Stevens and indorsed by Jessup, was one; (2) That as some of the property was the joint property of the firm of Stevens & Marshall, the separate creditor of Stevens had a right to seize and sell his interest in the firm; i. e., the balance that might be due after payment of the joint debts; (3) That the property was in part at least the separate property of Stevens, and, therefore, liable for his debts.

1. It seems to me unquestionable that the agreement between Stevens and Jessup operated not only a dissolution of the partnership, but a conversion of the firm property assigned to each partner into the separate property of the partner to whom it was assigned. Whatever lien or equity Jessup might have enforced to compel the application by Stevens of his share of the joint assets so converted into his separate property to the payment of those of the joint debts which he had assumed, (a point upon

which it is unnecessary to express an opinion) it is plain that Jessup would have had no such right as against the creditors of the new firm, or any assignee of Stevens for value. Before default made by Stevens or notice of rescission by Jessup, the latter had sold a third interest in the property to Marshall, with whom he had entered into partnership, the partners holding the whole property as joint assets in the proportion of their respective interests. The adverse and paramount rights of Marshall, and of the creditors of Stevens & Marshall, had therefore attached, and Jessup had no longer any right or lien, equitable or otherwise, upon the property, for the payment of the joint debts of the former firm. A fortiori the property which had thus become the property of the new firm, and primarily liable for its debts, could not be taken to satisfy the claim of a joint creditor of the extinct firm, even admitting Morrison to have been such. On the bankruptcy of the firm of Stevens & Marshall, their joint property passed to the assignee in bankruptcy, to be applied to the satisfaction of their joint debts. The balance (after satisfying those debts and adjusting the accounts between the partners), which may be due to Stevens, would alone be subject to Morrison's attachment. As the firm is admitted to be insolvent, no such balance can be looked for.

2. It is claimed that Morrison, as the separate creditor of Stevens, had a right to seize all the property of the firm of Stevens & Marshall, although he can sell only the defendant partner's interest, and that the sheriff thereby became tenant in common with the other partner. In the case of Osborn v. McBride [Case No. 10,593], this court had occasion to consider a question nearly similar. In that case, several judgments had been obtained against each of two partners, for separate debts, and several executions issued. The interests of both partners in the firm assets had been separately sold on execution, and bought by the defendant in the suit brought by the assignee in bankruptcy of the firm. It was held that "the sale on execution, of either or both of the partners' interests, in satisfaction of a separate debt, gave to the purchaser only an interest in the assets which might remain after the payment of the partnership debts. The fact that he purchased the interests of both the partners, sold on separate executions. can have no effect to enlarge the interest of either, acquired on the separate sale of that interest. He took merely a right to an account, and can now hold the partnership assets only subject to that account, and in entire subordination to the joint creditors." It was further held, that partnership debts have in equity and by the bankrupt act an inherent priority of claim, to be discharged out of partnership property, and as between a firm and its creditors. the title of the former is not divested by any separate transfers to strangers, by one or all of the partners, in payment of their individual debts, or by proceedings against them separately with reference to their individual interests, and when there has been no transfer by the firm, and the property remains in specie and capable of being levied upon, it may be followed in the hands of those claiming by such transfers or proceedings, and may be levied on by a judgment creditor of the firm. Menagh v. Whitwell, 52 N. Y. 149. But even admitting that the rights here attributed to the creditor may be doubtful, and that his remedy is to be sought in equity, there can be no doubt that where the separate creditor of a partner has taken partnership property in execution for his separate debt, the other partners may file their bill against the separate creditor, the debtor partner and the sheriff, praying a general account of the partnership, and the payment of what is due them, and that the debtor and sheriff may be enjoined from proceeding under the execution, and selling the stock and effects; and a court of equity will give relief accordingly, and the same relief is given in favor of the assignees in bankruptcy. Colly. Partn. § 831; Taylor v. Field, 4 Ves. 396; Wats. Partn. p. 100; 15 Ves. 559. And see Osborn v. McBride [supra].

It is urged that Jessup has filed his bill in the fourth district court in this state, against Stevens, Marshall and the defendant, Morrison, praying for an accounting of the copartnership affairs of Jessup & Stevens, and for the appointment of a receiver; and that a receiver has been appointed whose possession cannot now be divested. To this it is a sufficient answer to say, that the receiver is not in possession; the property sued for is in the possession of the sheriff, who holds under the attachment levied in the suit brought by defendant Morrison. On the whole, I am of opinion that the property levied on by Morrison was the firm property of the bankrupts, Stevens & Marshall, and that their assignee is entitled to the possession of it for the purpose of converting it into cash, and satisfying the joint creditors of that firm. The right of Morrison under his attachment to any balance that may be due Stevens, after satisfying the joint creditors, will be duly protected by the court.